**Earl C. FREIS, Plaintiff and Appellant,**

v.

**WHEELER MACHINERY COMPANY, Defendant and Respondent.**

**No. 14184.**

Supreme Court of Utah.

April 8, 1976.

---

Lyle J. Barnes, Kaysville, for plaintiff and appellant.

Raymond M. Berry, of Worsley, Snow & Christensen, Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from a judgment of no cause of action following a jury verdict to the same effect. Affirmed with costs on appeal to respondent.

Mr. Freis, plaintiff, was a driver sitting in the cab of his truck-tractor pulling two trailers, that, while motionless, in a traffic line awaiting clearance after a traffic accident up front, claims to have been injured when another truck-trailer, approaching from behind and driven by defendant's driver Bosch, who in inclement weather, in attempting to avoid a collision, took evasive action by attempting to straddle a road median, but negligently in doing so, struck a glancing blow against the door of plaintiff's cab.

Plaintiff, according to believable evidence, in a sort of res gestae situation, told several onlookers he was not injured. Nonetheless, about 14 months later he reported an injury to his neck to his superior and filed a suit attributing such injury to the incident mentioned.

On evidence that the rather voluminous record reveals to be controversial and somewhat speculative, but believable, in favor of defendant, the jury came up with a no cause of action verdict.

Mr. Freis advances two points on appeal, —1) That it was error to give the case to the jury,—and having done so, not to have upset it, and 2) in not granting a new trial,—all of which adds up to one point: That the evidence did not support the verdict,—with which urgence this court cannot subscribe.

The jury was confronted with two questions: 1) Was there negligence attributable to defendant? and 2) Was plaintiff injured?—to both of which the jury answered no.

The record would indicate that the question of negligence may have been one that would require a jury to examine the evidence more carefully than in the run of the mill case,—but we are not they who in the first instance decide a controversial factual matter as this case presents, unless arbitrariness, and/or caprice rise to plague us. We see no alternative here save to affirm.

CROCKETT, J., concurs.

ELLETT, TUCKETT and MAUGHAN, JJ., concur in the result.